IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BORUSAN MANNESMANN BORU SANAYI VE TICARET A.S. | § § § | |
| *vs.* | § § | C.A. NO. H – 13 – 1096 ADMIRALTY |
| M/V TRITONIA, *her tackle, apparel, furniture, equipment, etc., et al.*, | § § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Borusan Mannesmann Boru Sanayi ve Ticaret A.S. brings this Original Complaint against Defendants, the M/V TRITONIA, *in rem*, and Ohka Shipping Corp. Limited ("Ohka") and Western Bulk Carriers ("WBC"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to maritime cargos, breaches of maritime contracts and/or maritime torts. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Borusan is a foreign business entity organized under law in Turkey with its principal place of business in Istanbul.

3. At all times material, Ohka owned, managed and/or operated the M/V TRITONIA as a common carrier of goods by water for hire between various ports, including the Ports of Gemlik, Turkey, Philadelphia, Pennsylvania and Houston. Ohka is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Ohka is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Ohka may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, this action arises under federal law and Ohka has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Ohka is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Ohka with a summons is effective to establish personal jurisdiction over it. At the time of filing this Complaint, the M/V TRITONIA is berthed at Greensport West Terminal at the Port of Houston. Ohka can be served by and through the vessel's Master, Chief Mate, Second Officer, Third Officer and/or

other deck officer on duty.  Alternatively, Ohka can be served by serving the Texas Secretary of State.  Process or notice can be sent to Ohka in care of Blue Marine Management Corporation, 3rd Floor, Delgado Building, 637, Bonifacio Drive, Port Area, 1018 Manila, Philippines.

    4.    On information and belief, the property that is the subject of this *in rem* action, the M/V TRITONIA, is a general cargo ship built in 2007, registered under law in Hong Kong, China and bearing International Maritime Organization ("IMO") No. 9363314.  That property is or will be within the Southern District of Texas while this action is pending.

    5.    At all times material, WBC chartered, managed and/or operated the M/V TRITONIA as a common carrier of goods by water for hire between various ports, including the Ports of Gemlik, Philadelphia and Houston.  WBC is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  WBC is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively,

3

although WBC may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, this action arises under federal law and WBC has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over WBC is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving WBC with a summons is effective to establish personal jurisdiction over it. WBC can be served by serving the Texas Secretary of State. Process or notice can be sent to WBC at its home office, Henrik Ibsensgt. 100, P. O. Box 2868 Solli, 0230 Oslo, Norway.

6. On or about March 13, 2013, Plaintiff tendered a cargo of steel pipe in good order and condition to Defendants at Gemlik. On or before that date, Defendants had agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Philadelphia the cargo in the same good order and condition as when received, in consideration of paid freight charges. Defendants acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued and/or ratified various bills of lading, including Bill of Lading No. WBCP00069133, free of exceptions or other notations for loss or damage, and loaded and stowed the cargo aboard the M/V TRITONIA.

7. Thereafter, on or about April 4, 2013, the M/V TRITONIA arrived at the Port of Philadelphia where Defendants later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, nicked, gouged, smashed, crushed, out of round, loose, mixed,

compressed, deformed, wet, damp, contaminated, rusty, corroded, stained and otherwise physically damaged. The damages and losses proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V TRITONIA.

8. Plaintiff proximately has sustained damages exceeding the amount of $250,000, plus interest dating from March 13, 2013, demand for which has been made upon Defendants, but which they refuse to pay.

9. At all times material, Plaintiff owned the cargo and brings this action for itself and/or as agent and/or trustee for all persons or entities, including any marine cargo underwriters, that are or become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Borusan Mannesmann Boru Sanayi ve Ticaret A.S. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V TRITONIA, her engines, tackle, apparel, furniture, equipment, *etc*.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interests, and costs; the M/V TRITONIA be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that the M/V TRITONIA, *in rem*, and Ohka Shipping Corp. Limited and Western Bulk Carriers, *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

    Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____
    Robert C. Oliver
    State Bar No. 15255700
    S. D. Texas No. 886
    550 Westcott, Suite 230
    Houston, Texas 77007–5096
    Telephone:   (713) 864–2221
    Facsimile:   (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

    ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BORUSAN MANNESMANN BORU SANAYI VE TICARET A.S. | § § § | |
| *vs*. | § § | C.A. NO. H – 13 – ____ ADMIRALTY |
| M/V TRITONIA, *her tackle, apparel, furniture, equipment, etc., et al.,* | § § | |

### *VERIFICATION*

1. My name is Robert C. Oliver. I am the attorney of record for Plaintiff in this action, Borusan Mannesmann Boru Sanayi ve Ticaret A.S.

2. I prepared and read the attached Original Complaint in this action.

3. The contents of the Original Complaint are true and correct to the best of my information and belief. The sources of information forming the basis for my information and belief as to all factual averments in the Original Complaint are: (a) Plaintiff's reports made to me, (b) my telephone inquiries of local marine bureaus, steamship agents and/or surveyors, (c) my review of today's website entries at Equasis.org and (d) true and correct copies of original invoices, bills of lading and marine survey reports pertaining to the cargo and provided to me by Plaintiff and/or its authorized representative.

4. The reason for this verification is that Defendant Ohka Shipping Corp. Limited ("Ohka") is a foreign entity and cannot be found in the Southern District of Texas.

5. To the best of my information and belief, none of Ohka's officers or directors is located within the Southern District of Texas.

6. To the best of my information and belief, Ohka's only known asset within the Southern District of Texas is the M/V TRITONIA, now located at Greensport West Terminal at the Port of Houston.

7. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I executed this Verification on April 17, 2013.

_____
Robert C. Oliver